■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST PINSONNEAULT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 15, 1984, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.

Defendant's conviction stems from a purse-snatching episode involving a 79-year-old woman who, during the incident, fell to the pavement and broke her arm. As a result, defendant was charged in the City of Cohoes Police Court with robbery in the second degree and was held for action by the Grand Jury. On May 1, 1984, however, defendant waived his right to prosecution by indictment and was charged in a superior court information with robbery in the third degree, to which he then pleaded guilty. A prison sentence of 2⅓ to 7 years was imposed.

On this appeal, defendant, who was 16 years of age at the time, complains that the failure of the trial court to afford him treatment as a youthful offender requires reversal under *People v Cruickshank* (105 AD2d 325). We disagree.

As pointed out by the trial court at the time of defendant's sentence, defendant was involved in three Albany County Family Court proceedings before his sixteenth birthday, displayed no remorse for the crime of which he was convicted, and had this charge reduced from robbery in the second degree to robbery in the third degree. In the circumstances, we find no abuse of the trial court's discretion in refusing him youthful offender treatment and no reason to consider youthful offender treatment in the interest of justice. This being the only issue raised on appeal, the judgment of conviction should be affirmed.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.